**Ebb EVERETT, Plaintiff,**
v.
**TRANS-WORLD AIRLINES, Defendant.**
Civ. A. No. 17231-3.

United States District Court
W. D. Missouri, W. D.
April 28, 1969.

Harold L. Holliday, Jr., Kansas City, Mo., for plaintiff.

Eugene J. Feldhausen, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BECKER, Chief Judge.

This is an action under the Equal Employment Opportunity Act, Section 2000e, Title 42, U.S.C., in which plaintiff alleges primarily that "he was discriminated against for employment by the defendant, Trans World Airlines, Inc., by reason of his race." Defendant, by its motion filed herein on February 5, 1969, moves to dismiss the complaint for (1) failure "to positively and affirmatively allege the jurisdiction of the Federal Court"; (2) failure to "state sufficient facts to establish the jurisdiction" of this Court; (3) failure to meet jurisdictional requirements in plaintiff's (a) failure "to follow the Administrative Procedure Act"; (b) failure to file timely "the charge relied on in this instance"; and (c) failure to comply with the "conciliation portions of the Act within the time limitations fixed by the Act"; and (4) failure to state a claim upon which relief can be granted.

▇▇▇ Defendant's first ground for dismissal is without merit. Plaintiff factually alleges that he was the object of such racial discrimination as is contemplated by the federal law at Section 2000e-5, Title 42, U.S.C. (which, additionally, explicitly bestows jurisdiction on the federal court). Jurisdiction thus affirmatively appears on the face of the complaint. An "adequate statement of the basis of federal jurisdiction" has been made within the terms of Ivey v. Frost (C.A.8) 346 F.2d 115. In all actions (and particularly in actions of this type often filed *pro se*) all inferences which can fairly be drawn from the complaint should be drawn in favor of the plaintiff. Leimer v. State Farm Mutual Life Assurance Co. of Worcester, Mass. (C.A.8) 108 F.2d 302.

▇▇▇ Defendant contends the complaint "fails to state sufficient facts to establish the jurisdiction of this Court" by reason of its failure affirmatively to allege compliance with all conditions precedent required by the act or compliance "with the periods of limitations provided in this legislative enactment." The following are the conditions precedent to bringing the action as set down in the applicable statute. Section 2000 e-5, Title 42, U.S.C. provides that where there is an alleged unlawful employment practice occurring in a state, or a political subdivision thereof, which has a state or local law prohibiting the alleged practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, those proceedings must first be commenced before the state commission. A written charge can then be filed before the na-

tional Equal Employment Opportunity Commission 60 days or more after the commencement of such proceedings, unless such proceedings have been earlier terminated. If that Commission then determines that there is reasonable cause to believe that the charge is true, it will endeavor to eliminate the unlawful practice by informal methods of conference, conciliation and persuasion. The claim filed with the national Commission by the person claiming to be aggrieved must be filed, where the state proceedings have been followed, within 210 days after the occurrence of the alleged unlawful practice, or within 30 days after receiving notice that the state or local agency has terminated the proceedings under state or local law, whichever is earlier. If within 30 days after the charge is filed with the national Commission, voluntary compliance has not been obtained, and the Commission shall notify the aggrieved, a civil action may be brought by him within 30 days thereafter.

The complaint herein alleges that plaintiff filed a complaint with the national Commission on July 17, 1967, based upon an alleged act of discrimination by defendant on July 13, 1967; that thereafter the Commission "deferred said complaint to the Missouri Commission on Human Rights in accordance with the aforestated act"; that after the deferral period for the Missouri Commission to seek relief had expired, the national Commission notified plaintiff of the termination of the state proceedings on September 12, 1967; and subsequently convened its proceedings on September 24, 1967 (which would be within 30 days of the notification as well as within 210 days of the alleged unlawful practice); that on September 5, 1968, the national Commission found that:

"Reasonable cause exists to believe that Respondent is committing unlawful employment practices in violation of Title VII of the Civil Rights Act of 1961 by refusing to properly consider Charging Party's application for employment because of his race, as alleged."

Subsequently, on December 18, 1968, plaintiff was notified by the national Commission that conciliation efforts with defendant had failed and that plaintiff might institute suit within 30 days of receipt of the letter dated December 18, 1968. The complaint herein was subsequently filed on January 16, 1969. It is thus adequately plead that all conditions precedent to the filing of the suit have been met. It is sufficiently alleged that conciliation took place, as required by Dent v. St. Louis-San Francisco Railway Company (N.D.Ala.) 265 F.Supp. 56; Choate v. Caterpillar Tractor Co. (S.D. Ill.) 274 F.Supp. 776; and Mickel v. South Carolina State Employment Service (C.A.4) 377 F.2d 239, cases relied on by defendant in pursuit of this point. Similarly, the verified charge attached to the petition constitutes a sufficient allegation that the charge to the national Commission was made "under oath." Defendant also contends that the charge was not timely filed with the national Commission, coming neither within the earlier of the 30 days after the notice of termination of state proceedings nor 210 days after the alleged unlawful practice, whichever was earlier. The plaintiff affirmatively alleges, however, that the charge was originally filed with the national Commission on July 17, 1967; that it was thereafter deferred to the state Commission on July 24, 1967; that the national Commission notified plaintiff on September 12, 1967, that the deferral period had expired and plaintiff requested the national Commission to take jurisdiction in the manner required by that letter; and the "decision" of the national Commission (attached to and made a part of the complaint) shows that the charge was filed (or refiled) on September 24, 1967, and that service thereof was made on November 14, 1967. Defendant cites Bowe v. Colgate-Palmolive Company (S.D.Ind.) 272 F.Supp. 332. There, it was required only that the plaintiffs demonstrate that they had filed a timely charge with the national EEOC, in that case, within 90 days after the alleged violation. That case, however, did not in-

volve state proceedings, as here. Its rulings would not require dismissal on this point. Defendant also cites International Brotherhood of Electrical Workers v. United States EEOC (W.D.Pa.) 283 F. Supp. 769, where the alleged act took place July 27, 1965, the Commission received a sworn statement on August 25, 1965, it was deferred to the state Commission on September 3, 1965, and the subsequent request for jurisdiction to the national Commission was not received by that Commission until December 27, 1965, which date was more than 30 days after the 60-day period allowed for proceedings on state deferral. Here, where the alleged notice of termination was on September 12, 1967, and the alleged filing was on September 24, 1967, it was not apparently untimely. Washington v. Aerojet General Corporation (C.D. Cal.) 282 F.Supp. 517, also relied on by defendant, was a case distinguishable from the one at bar in that *both* the original charge and the request for national Commission jurisdiction were received by the national Commission *before* the state proceedings were completed.

 Defendant further contends that deferral to the state Commission does not constitute a filing of a charge there and that the "Act upon which plaintiff relies makes no provision for such deferral." Such practice, however, is permitted by Section 296.040 of the Missouri Revised Statutes, which allows an agent of a plaintiff to file the state complaint. Thus, allegedly, "proceedings were commenced" under the state law in compliance with the national Act.

 Defendant further states that the suit here must be brought within 90 days of the filing of the charge with the national Commission by virtue of Section 2000e–5, Title 42, U.S.C., which reads:

"(e) If within thirty days after a charge is filed with the Commission * * * (except that in either case such period may be extended to *not more than sixty days* upon a determination by the Commission that further

efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission *shall so notify* the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge." (Emphasis added)

As defendant admits, however, the case of Dent v. St. Louis-San Francisco Railway Company, *supra*, held that the emphasized language was directory rather than mandatory. Further, it would frustrate the purposes of the Act to make the plaintiff responsible for delays and omissions of the Commission. As the *Dent* case points out, the national Commission has now amended its procedural rules "both to free the conciliation step from the limitations of the 60 day time period and, even more to the point * *, to provide that the notice to the charging party advising him that he may file the civil action will not be issued 'prior to efforts at conciliation with respondent.' ". 265 F.Supp. at 61.

Defendant's final contention that the complaint fails to state a cause of action upon which relief can be granted is therefore without merit, and the motion to dismiss should be denied. It is therefore

Ordered that defendant's motion to dismiss be, and the same is hereby, denied.

 Counsel for defendant are further advised that, while Rule 12(a) (1), F.R.Civ.P., temporarily relieves defendant of the duty to answer until on or before 10 days after notice of the court's action on a motion to dismiss, Local Rule 20 provides that motions do not suspend the discovery process. Therefore, the better practice is timely to file an answer, even where a motion to dismiss has been filed, in order further to facilitate discovery. Because counsel for defendant apparently did not understand this, consideration will be given to the request for extension of time for discovery on notice to plaintiff.