**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**MOBIL OIL CORPORATION, Defendant.**

No. 73CV139–W–2.

United States District Court, W. D. Missouri, W. D.

Aug. 27, 1973.

---

Richard B. Slosberg, EEOC Atty., Washington, D. C., for plaintiff.

Harry P. Thomson, Jr., of Shugart, Thomson & Kilroy, Kansas City, Mo., for defendant.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TO STRIKE

COLLINSON, District Judge.

This is an action by the Equal Employment Opportunity Commission (EEOC) against the Mobil Oil Corporation (Mobil) for alleged unlawful employment practices. The action is brought under the provisions of title VII of the Civil Rights Act of 1964 (the Act), 42 U.S.C. § 2000e et seq. (1970), as amended, Pub.L.No.92–261 (March 24, 1972), 1972 U.S.Code Cong. & Admin.News 122. Jurisdiction is alleged under 28 U.S.C. §§ 1343, 1345 (1970). The EEOC seeks injunctive relief and back pay for those persons adversely affected by the challenged practices. The case is before the Court on Mobil's motion to dismiss or to strike. Extensive suggestions have been filed by both parties. The Court will consider each ground advanced by Mobil.

I.

Mobil argues that the Court lacks subject matter jurisdiction because the complaint fails to allege jurisdiction in the manner required by Rule 8(a)(1), Fed. R.Civ.P. That Rule provides that the complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Mobil contends that the complaint is jurisdictionally defective because it does not adequately allege satisfaction of the statutory conditions precedent to suit by the EEOC. The defendant's argument fails to appreciate fully the nature of federal jurisdiction.

Title VII of the Act, as amended, establishes several conditions precedent to suit by the EEOC. First, when a charge is filed by a person claiming to be aggrieved by an unlawful employment practice, the EEOC must give the employer notice of the charge within ten days and begin to investigate the charge. If the EEOC determines after its investigation that there is reasonable cause to believe that the charge is true, the EEOC must seek to eliminate the unlawful practice by informal methods of conference, conciliation, and persuasion. The reasonable cause determination should be made, "so far as practicable," not later than 120 days after the charge is filed. If a conciliation agreement is not reached with the employer within 30 days after the charge is filed, the EEOC may sue *eo nomine*. Pub.L. No.92–261, § 4(a) (March 24, 1972), 1972 U.S.Code Cong. & Admin.News 122, 124–26, amending 42 U.S.C. § 2000e–5 (1970).

▮ Paragraphs 6 and 7 of the EEOC's complaint generally allege satisfaction of these conditions precedent:

6. More than thirty days prior to the filing of this action a charge was filed with the Commission alleging that Mobil had engaged in employment practices made unlawful by Title VII.

7. All conditions precedent to the filing of this action have been fulfilled.

The EEOC suggests that these allegations are sufficient and the Court agrees.

Rule 9(c), Fed.R.Civ.P., provides the following:

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

Normally this provision would be dispositive of the question raised by Mobil. A few courts, however, have dismissed complaints under title VII of the Act for failure to allege satisfaction of the statutory conditions precedent with particularity. The court will consider the four cases cited by Mobil.

▮ In Nishiyama v. North American Rockwell Corp., 49 F.R.D. 288 (C.D. Cal.1970), and Foye v. United A. G.

Stores Cooperative Inc., 336 F.Supp. 82 (D.Neb.1972), actions brought by the aggrieved employees themselves were dismissed for lack of subject matter jurisdiction because the employees did not allege with particularity that their charges had been filed with the EEOC within the time required by 42 U.S.C. § 2000e–5(d) (1970). This Court will not follow these decisions. Federal jurisdiction in cases of this nature is based on 28 U.S.C. § 1343(4) (1970):

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> .    .    .    .    .
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

This, of course, is known as "federal question" jurisdiction and is derived from Article III, section 2 of the Constitution. Since suits such as *Nishiyama, Foye*, and the instant action are authorized by an Act of Congress, subject matter jurisdiction is established by an allegation in the complaint that the suit is brought under the Civil Rights Act of 1964 and by allegations of fact showing a claim for relief under that statute. This the EEOC has done. The Court, therefore, has subject matter jurisdiction without regard to whether or how satisfaction of the statutory conditions precedent is pleaded. For instance, if the EEOC failed completely to allege satisfaction of the statutory conditions precedent, the complaint would not be dismissed for lack of subject matter jurisdiction but for failure to state a claim upon which relief can be granted. As long as the complaint is drawn so that the EEOC seeks recovery squarely on the ground that Mobil has violated title VII of the Act, dismissal for failure to properly plead satisfaction of the conditions precedent would require a judgment on the merits and not a jurisdictional dismissal. *See* Bell v. Hood, 327 U.S. 678, 681–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946). This distinction is noted generally by Professor Wright:

> It has been seen that the federal question must appear in the complaint. A corollary rule is that federal jurisdiction exists if the complaint states a case arising under federal law, even though on the merits the party may have no federal right. If his claim is bad, then judgment is to be given against him on the merits, and even if the court is persuaded that federal law does not give the right the party claims, it is to dismiss for failure to state a claim on which relief can be granted rather than for want of jurisdiction. Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter or form.

Wright, Federal Courts § 18, at 62 (2d ed. 1970).

In EEOC v. Container Corp. of America, 352 F.Supp. 262 (M.D.Fla. 1972), the EEOC's complaint alleged generally the satisfaction of all conditions precedent. The defendant challenged this allegation by a motion to dismiss. The district court sustained the motion:

> The Court concludes that the question of the EEOC's satisfaction of the statutory conditions precedent to suit is a proper and indeed a necessary subject of judicial inquiry. Unfortunately, the general allegation of the complaint makes such an inquiry difficult, if not impossible. The complaint does not allege with particularity the actions taken by the EEOC to comply with each of the statutory conditions. . . . Thus, the court is unable to determine whether or not the EEOC has fulfilled all of the conditions precedent to suit. Enough appears from the motions, however, to make it clear that the present state of the pleadings is inadequate and that the defendants are entitled at least to a more definite statement if not a repleader.

352 F.Supp. at 266. The precise ground for this ruling is unclear. It certainly cannot be said with confidence that the court found the general allegation to be a jurisdictional defect. Even if the dismissal was jurisdictional, this Court would not follow that decision for the same reason the Court declines to follow *Nishiyama* and *Foye*. The Court also does not believe that a more definite statement is necessary. The opposite conclusion would be exceedingly difficult to justify in light of Rule 9(c), Fed.R. Civ.P.

Everett v. Trans-World Airlines, 298 F.Supp. 1099 (W.D.Mo.1969) (Becker, C. J.), lends no support to Mobil's argument. The complaint in *Everett* alleged with particularity satisfaction of the conditions precedent. In sustaining the complaint against a motion to dismiss, Chief Judge Becker did not rule that particularity was required as a jurisdictional matter. The court merely found the complaint sufficient and did not consider whether a general allegation also would have been sufficient.

The Court believes that the correct rule and better practice was announced by Chief Judge Brown in EEOC v. Pick-Memphis Corp., 5 CCHEmp. Prac. Dec. ¶ 8471 (W.D.Tenn., Jan. 16, 1973):

> [T]hese statutory requirements are not jurisdictional, and the failure of the complaint to allege, with specificity, performance of each statutory requirement does not deprive the Court of jurisdiction of this case.

> In the case at bar, the complaint, which includes a general allegation that all of the necessary statutory conditions have been performed, is sufficient. The defendant, through discovery, has the means to determine if the plaintiff has in fact failed to satisfy one or more of the statutory requirements. In the event that the defendant does make such a determination, it may raise the issue at the proper time.

*Accord*, EEOC v. Bartenders Local 41, No. C–73–0518 (N.D.Cal., June 22, 1973)

(Peckham, J.). The EEOC's general allegation that the conditions precedent have been satisfied is sufficient and Mobil's motion to dismiss will not be granted on this ground.

## II.

Before March 24, 1972, the EEOC was not authorized to sue *eo nomine*. On that date, however, the Equal Employment Opportunity Act of 1972, Pub.L. No.92–261, § 4(a), *amending* 42 U.S.C. § 2000e–5 (1970), authorized suit by the EEOC. Mobil argues that the EEOC has no standing to sue under its new authority in the instant case because it lost jurisdiction of the underlying charges against Mobil before March 24, 1972. Since Mobil offers several exhibits to support its argument, this aspect of the motion to dismiss will be treated as a motion for summary judgment under Rule 56, Fed.R.Civ.P.

The relevant facts are not disputed. In 1969, the EEOC received two charges against Mobil by Dorothy Marie Wills, a Mobil employee. The EEOC received the first charge on September 15, 1969; it alleged that Mobil had discriminated against Miss Wills because of her race. On September 18, 1969, the EEOC referred the charge to the Missouri Commission on Human Relations. 29 C.F.R. § 1601.12 (1968). The Missouri Commission made a finding of "no probable cause" on November 28, 1969. On December 18, 1969, Miss Wills' first charge was deemed "filed" by the EEOC and processing of the charge began. 29 C. F.R. § 1601.12(b)(1) (1968). The EEOC received the second charge on December 18, 1969; it alleged that Mobil had discharged Miss Wills in retaliation for the first charge filed against Mobil. On December 22, the EEOC also referred this charge to the Missouri Commission. The Missouri Commission made a finding of "no probable cause" on September 17, 1970. The charge, however, was deemed "filed" by the EEOC on February 23, 1970, because 60 days had elapsed from the date of referral without a termination of the state

proceeding. 29 C.F.R. § 1601.12(b)(1) (1968). The two charges were consolidated for processing. The EEOC's investigation of the charges was completed on August 4, 1971, when the EEOC District Director filed his findings of fact in Wills v. Mobil Oil Corp., Case No. YKC2 026. Mobil filed exceptions to those findings. On April 13, 1972, the EEOC Director of Compliance filed his "Decision" in Case No. YKC2 026, finding "reasonable cause" to believe that Mobil was guilty of unlawful employment practices. The EEOC attempted conciliation. A proposed conciliation agreement was submitted to Mobil on July 20, 1972. On August 16, 1972, the proposed agreement was rejected by Mobil and no counter proposal was made. On August 17, 1972, the EEOC notified Miss Wills of her right to sue. On March 12, 1973, this action was commenced by the EEOC.

■ Prior to the 1972 amendments, 42 U.S.C. § 2000e–5(e) (1970) provided the following:

(e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to secure voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved. . . .

Mobil argues that subsection 2000e–5(e) operated as a "statute of limitations" depriving the EEOC of any jurisdiction of a charge following the maximum 60-day period in which notice of the right to sue must be given the charging party. If this is so, Mobil reasons, the EEOC lost jurisdiction, at the latest, 60 days after February 23, 1970, and thus had no standing to sue on March 12, 1973.

The Court does not accept Mobil's argument. At the time Miss Wills' charges were filed the following EEOC regulation was operative:

(a) The time for processing all cases is extended to 60 days. . . .

(b) Notwithstanding the provisions of paragraph (a) of this section, the Commission shall not issue a notice . . ., where reasonable cause has been found, prior to efforts at conciliation with respondent, except that the charging party or the respondent may upon the expiration of 60 days after the filing of the charge or at any time thereafter demand in writing that such notice issue, and the Commission shall promptly issue such notice to all parties.

(c) Issuance of notice . . . does not terminate the Commission's jurisdiction of the proceeding, and the case shall continue to be processed.

29 C.F.R. § 1601.25a (1966), as amended, 29 C.F.R. § 1601.25b (1972). The validity of this regulation when measured against subsection 2000e–5(e) was sustained in Cunningham v. Litton Industries, 413 F.2d 887, 890 (9th Cir. 1969): "The 30 to 60 day period prescribed in the statute in which the EEOC is to act should be interpreted as directory and not mandatory in nature." In short, the EEOC was under no obligation to give Miss Wills notice within 60 days after February 23, 1970, unless Miss Wills or Mobil requested the notice. Rather than doing violence to the statutory scheme, the retention of jurisdiction under regulation subsection 1601.-25a(b) beyond the directory notice period fulfills that scheme "by allowing conciliation attempts to continue as long as they may appear fruitful, while at the same time giving either the aggrieved party or the respondent the right to precipitate the EEOC action of notification, which triggers the 30 day period for filing suit [by the aggrieved party]. . . ." Cunningham v. Litton Industries, Inc.,

*supra* at 891. Subsection 1601–25a(c) also enhances the statutory scheme by allowing the EEOC to retain jurisdiction even after the notice is given. Thus the EEOC can continue its informal attempts at conciliation until they finally prove fruitless. Mobil has not directed the Court's attention to any statutory provision that specifically bars the continued processing of a charge beyond the notice period or after notice is given the aggrieved employee. Nor does the Court see anything in the language of title VII requiring such an interpretation of its provisions.

The Court concludes, therefore, that the EEOC never lost jurisdiction of Miss Wills' charges and that Miss Wills' charges were pending with the EEOC on March 24, 1972. The 1972 amendments to section 706, VII, of the Act were made applicable to charges pending with the EEOC on March 24, 1972. Pub.L. No.92–261, § 14 (March 24, 1972), 1972 U.S.Code Cong. & Admin.News 122, 135. The EEOC, therefore, has standing to sue under its new authority on Miss Wills' charges against Mobil. The motion to dismiss, construed as a motion for summary judgment, will not be granted on this ground.

### III.

■ Mobil argues that the 1972 amendments to section 706, title VII, of the Act provided a "statute of limitations" of 180 days from the filing of the charge for suit by the EEOC. Mobil's argument is based on the following provision:

(f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d), the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved. . . .

Pub.L.No.92–261, § 4(a) (March 24, 1972), 1972 U.S.Code Cong. & Admin. News 122, 125–26. Mobil's interpretation of this provision is patently frivolous. The scheme established by the statute is simple. First, no one may sue within the first 30 days after a charge is filed. Secondly, between the 30th day and the 180th day only the EEOC may sue. Thirdly, after the 180th day (if notice is given to the aggrieved employee) both the EEOC and the aggrieved employee may sue. There is no final time within which the EEOC must sue. The Court does not find the absence of such a limitation unusual in a statute intended to protect civil rights.

### IV.

■ Mobil argues for dismissal on the ground that the EEOC cannot maintain this action as a class action. Even if true that would not be a ground for dismissal and the Court will not consider the argument. The Court will consider this argument when the class action question is decided.

### V.

■ Mobil argues that the complaint is jurisdictionally defective because it charges acts and seeks relief for acts of a significantly broader scope than those contained in Miss Wills'

charge. The proper scope of a complaint is not measured by the allegations of the lay-drawn complaint, but by "the scope of the agency investigation which can reasonably be expected to grow out of the charge of discrimination." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970); *Cf.* Shannon v. Western Electric Co., 315 F.Supp. 1374, 1376 (W.D.Mo.1969). The EEOC's allegations involve practices which were brought to the EEOC's attention during its investigation of Miss Wills' separate charges. This is clearly reflected in the EEOC's decision finding reasonable cause in Wills v. Mobil Oil Corp., YKC2 026. Each of the EEOC's allegations is reasonably related to one or more of Miss Wills' allegations. The motion to dismiss, construed as a motion for summary judgment, will not be granted on this ground.

### VI.

Mobil argues that the complaint is jurisdictionally defective because it seeks relief for acts occurring earlier than the statute of limitations period for filing charges with the EEOC by an aggrieved employee. The time limitation imposed on Miss Wills for filing her charges with the EEOC was 210 days after Mobil's alleged unlawful employment practices. 42 U.S.C. § 2000e–5(d) (1970), *as amended*, Pub.L.No.92–261, § 4(a) (March 24, 1972). Although this requirement may limit the scope of an aggrieved employee's complaint, it does not follow that the EEOC's complaint, which may raise matters not alleged in the charge, must be limited in scope to practices occurring within the time for filing a charge. Mobil's motion to dismiss will not be granted on this ground.

For the reasons stated, it is

Ordered that the defendant's motion to dismiss or to strike, construed in part as a motion for summary judgment, be, and hereby is, denied.