**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

**Manuel F. Urquidez, Plaintiff in Intervention,**

v.

**DUVAL CORPORATION, Defendant-Appellee.**

**No. 74–1647.**

United States Court of Appeals, Tenth Circuit.

Argued May 21, 1975.

Decided Jan. 9, 1976.

---

946

Juan R. Rivera, Washington, D. C. (William A. Carey, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Charles L. Reischel, Caliph Johnson, Attys. E. E. O. C., Washington, D. C., on the brief), for plaintiff-appellant.

V. R. Burch, Jr., Houston, Tex. (Jackson G. Akin, Albuquerque, N. M., L. Chapman Smith, G. Bruce Mallum, M. Diane Parsons, Houston, Tex., Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., and Baker & Botts, Houston, Tex., of counsel, on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judge.

LEWIS, Chief Judge.

Under Title VII, 42 U.S.C. § 2000e–5(f)(1), if the Equal Employment Opportunity Commission has not reached a conciliation agreement or filed a civil action with 180 days after a charge is filed with it, the complaining party is sent a right-to-sue notice and may file a civil action against the alleged violator within 90 days of the receipt of this notice.[1] The sole issue in this appeal is whether, after issuance of right-to-sue notice, a private complainant has an exclusive right to bring suit during the subsequent 90-day period or whether this right is shared concurrently with the EEOC.

Manuel F. Urquidez filed a charge with the EEOC, alleging that Duval Corporation discriminated against him on the basis of national origin. The EEOC sent notice to Urquidez of his right to sue on February 12, 1974. Prior to any action taken by Urquidez, the EEOC filed suit in the District of New Mexico against Duval on May 6, 1974. Three days later, Urquidez filed a motion for intervention and a complaint. Duval moved for the dismissal of the EEOC's action arguing that (1) the EEOC could only file an action during the initial 180-day period under 42 U.S.C. § 2000e–5(f)(1), or in the alternative, (2) Urquidez had an exclusive right to bring suit during the 90-day period following receipt of the right-to-sue notice.

The district court ordered the dismissal of the EEOC's complaint because "the charging party . . . had the exclusive right to sue within the 90 day period following receipt of his right to sue letter . . . and further because an

---

1. 42 U.S.C. § 2000e–5(f)(1) in pertinent part provides:

> If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. . . . Upon timely application, the court may, in its discretion, permit the Commission . . . to intervene in such civil action upon certification that the case is of general public importance.

original action by the Equal Employment Opportunity Commission under these circumstances would be duplicitous." The district court substituted Urquidez' complaint as the original complaint, but denied Urquidez' motion to have the case proceed as a class action. Later, Urquidez settled with Duval and the action was dropped.

I

The EEOC's right to file a civil action if conciliation efforts fail was added to Title VII by the Equal Employment Opportunities Act of 1972. Since that time, courts have been plagued with the troublesome issue of whether the 180-day period following the filing of a charge serves as a statute of limitations on the right of the EEOC to sue. If the EEOC's right to sue is so limited, we need not proceed further since it would logically follow that the right of an aggrieved party to sue following the 180-day period would be exclusive of the EEOC's terminated right. Several of the courts of appeals have agreed that the EEOC's right to sue is not limited by the 180-day period. *EEOC v. E. I. duPont de Nemours & Co.*, 3 Cir., 516 F.2d 1297; *EEOC v. Kimberly-Clark Corp.*, 6 Cir., 511 F.2d 1352, *cert. denied,* —— U.S. ——, 96 S.Ct. 420, 46 L.Ed.2d 368; *EEOC v. Louisville & Nashville R. R.*, 5 Cir., 505 F.2d 610, *cert. denied,* 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41; *EEOC v. Cleveland Mills Co.*, 4 Cir., 502 F.2d 153, *cert. denied,* 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425. We must concur with those courts that have determined that the EEOC's power to sue is not restricted to the 180-day period.

The Title VII enforcement provision places only two conditions on the EEOC's power to sue: (1) more than 30 days must elapse from the filing of the charge, and (2) the Commission must have been unable to obtain an acceptable conciliation agreement. The statute contains no other restrictions, either express or implied. However, Congress expressly limited the time in which the aggrieved parties could sue. If the Commission has dismissed a charge or after 180 days has neither filed a civil action nor entered into a satisfactory conciliation agreement, the aggrieved party may sue. But, if the aggrieved party fails to sue within this 90-day period, his right to sue is terminated. Considering the clear limitations placed on the aggrieved party's right to sue, we must agree with the argument that had Congress

intended to cut off the Commission's right of action, it would have included clear language to that effect, just as it did when it clearly expressed its intention to cut off the individual's private right of action.

*EEOC v. Cleveland Mills Co.*, 4 Cir., 502 F.2d 153, 156. Since we are in accord with the result reached in each of the cited circuits and are in agreement that both the legislative history of the 1972 amendment and the general purposes of the Act, set out in detail and repetitious, comprehensive analysis in each of the several cited opinions, firmly support that result, we see no need to record more than our agreement.

Our conclusion that the EEOC's right to file a civil action is not limited by the 180-day provision still leaves unanswered whether the EEOC has a right to sue during the 90-day period in which an aggrieved party may sue. In spite of the extensive litigation concerning the scope of the EEOC's enforcement powers under the 1972 amendments, only one court has directly ruled on the right of the EEOC to sue during the 90-day period following the issuance of a right-to-sue notice.[2] *Crump v. Wagner Electric*

---

2. In dicta, other courts have interpreted 42 U.S.C. § 2000e–5(f)(1) as giving both the EEOC and the aggrieved party the right to sue following the issuance of the right-to-sue notice. *EEOC v. Western Electric Co.*, D.Md., 382 F.Supp. 787, 792–93; *EEOC v. Mobil Oil*

*Corp.*, W.D.Mo., 362 F.Supp. 786, 792. These courts described the following statutory scheme:

First, no one may sue within the first 30 days after a charge is filed. Secondly, between the 30th day and the 180th day only

*Corp.,* E.D.Mo., 369 F.Supp. 637. In that case the EEOC filed a civil action on May 14, 1973, some two months after having notified Crump of his right to sue. Crump filed a private action on May 29, but the district court dismissed it as being duplicitous of the Commission's action. Implied in the *Crump* decision is the court's recognition that the EEOC shared with the aggrieved complainant a concurrent right to sue during the 90-day period. A second implicit assumption is that the first to use his concurrent right to sue will be allowed to maintain the action while the other party will be relegated to the position of an intervenor if he desires to participate in the lawsuit.

The wording of the Title VII enforcement provision is supportive of the holding in *Crump.* While the language of this section unambiguously gives the EEOC an exclusive right to sue during the first 180 days, there is no similarly clear language making the aggrieved party's right to sue exclusive during the 90-day period. As we reasoned earlier, since Congress expressly made the right to file a suit during the first 180 days the exclusive right of the EEOC, had it so intended, Congress would have also clearly stated any intended exclusive right on behalf of the complainant to sue during the subsequent 90-day period. It did not and we find no basis for implying such a requirement.

As so often is true with the interpretation of statutory provisions, the legislative history does not reveal a specific resolution of this issue, but does demonstrate that the general scheme of enforcement is consistent with the *Crump* decision. It was Congress' hope that even though a private party could bring suit after 180 days, he would forego his right to sue and instead rely on the EEOC for enforcement.[3] Also, while the exclusivity of the EEOC's right to sue during the first 180 days was specifically designed to insure that the aggrieved parties would not hinder the EEOC's efforts to conciliate the legislative history reveals no analogous interest of the aggrieved party during the subsequent 90 days that would be served by making the aggrieved party's right to sue exclusive.

The major argument used by Duval Corporation is that to allow both the EEOC and the aggrieved party the right to sue during the same 90-day period would produce a multiplicity of suits, a result that Congress wanted to avoid.[4] Congress was aware of this potential problem and provided a method to avoid duplicitous actions. To protect the interests of both the EEOC and the aggrieved party in a particular complaint, Congress established the right of either party to apply for intervention in a suit filed by the other party. Multiplicity of

---

the EEOC may sue. *Thirdly, after the 180th day (if notice is given to the aggrieved employee) both the EEOC and the aggrieved employee may sue.* EEOC v. Mobil Oil Corp., *supra,* at 792 (emphasis added).

3. The Senate version of the bill also contained a provision allowing private lawsuits. The Senate committee reporting this bill expected that recourse to private lawsuits would be "the exception and not the rule." S.Rep.No. 92–415, 92d Cong., 1st Sess. 23 (1971). A similar view was expressed in the report made by the Joint Conference Committee. The Committee "hoped that recourse to the private lawsuit [would] be the exception and not the rule, and that the vast majority of complaints [would] be handled through the offices of the EEOC or the Attorney General, as appropriate." 118 Cong.Rec. 7565 (1972).

4. The House committee reported that it

was concerned about the interrelationship between the newly created . . . enforcement powers of the Commission and the existing right of private action. It concluded that duplication of proceedings should be avoided. The bill, therefore, contains a provision for termination of Commission jurisdiction once a private action has been filed (except for the power of the Commission to intervene in the private actions). H.R.Rep.No.92–238, 92d Cong., 1st Sess. 12 (1971), U.S.Code Cong. & Admin.News 1972, pp. 2137, 2148. The final version of the bill also gave the right of the aggrieved party to intervene in any suits filed by the Commission rather than file his own.

actions is prevented during the 90-day period because when one of the parties sues, the other is limited to possible participation only through intervention.

As authority for its holding the Urquidez had the exclusive right to sue during the 90 days following his receipt of a right-to-sue notice from the EEOC, the district court cited *EEOC v. Missouri Pacific R. R.,* 8 Cir., 493 F.2d 71. *Missouri Pacific,* however, does not support this proposition. In fact, the court of appeals, in denying a petition for rehearing, specifically refused to expand the scope of its holding, stating:

> Our opinion is necessarily confined to the rather narrow issue of whether the Commission is entitled to bring an independent action after the charging party has already filed suit pursuant to the statute.

*EEOC v. Missouri Pacific R. R., supra,* at 76. Since the posture of the present case is somewhat different—the EEOC filed an action prior to an independent action filed by a private party—the district court wrongly relied on *Missouri Pacific* and its holding was without judicial support.

Because the district court's decision is not supported by the wording of the statute, the legislative history, or any judicial precedents, we must reverse its ruling. The EEOC has a continuing right to file a civil action even after issuing a right-to-sue notice. If, during the 90-day period in which the aggrieved party may also file an action, the EEOC is the first to file, the proper procedure under 42 U.S.C. § 2000e–5(f)(1) is to allow the aggrieved party to intervene. We remand this case with directions that the EEOC's complaint be reinstated. However, we are not ruling on the effect that Urquidez' settlement with Duval might have on the right of the EEOC to continue its action based on the charge originally filed by Urquidez.

## II

In light of the settlement reached between Urquidez and Duval, we need not discuss the merits of Duval's argument that the order dismissing the EEOC's complaint was not a final decision within the meaning of 28 U.S.C. § 1291 and therefore was not appealable.

We reverse and remand.